## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SANDRA PROCHASKA**, *individually and on behalf of those similarly situated,*

        Plaintiff,

v.

**GREYLOCK LOGISTICS, INC., HYBRID FLEET, INC., WAYMAKER LOGISTICS, INC., and MATTHEW PICKETT,** *individually*,

        Defendants.

CASE NO. 5:25-cv-954

## COMPLAINT

Plaintiff Sandra Prochaska, individually and on behalf of those similarly situated, brings this action for unpaid overtime, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 206, and 29 U.S.C. § 207(a).

2.     The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08, 65 S.Ct. 895, 902 (1945).

5.      To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.      Defendants in this case, Greylock Logistics, Inc., Hybrid Fleet Inc., Waymaker Logistics, Inc. and Matthew Pickett, violated the FLSA by failing to pay Plaintiff time and one-half for all of her hours worked over forty (40) in one or more workweeks.

## PARTIES

7.      Greylock Logistics, Inc. is not registered with the Ohio Secretary of State's office. Upon information and belief, Greylock Logistics, Inc.'s principal place of business located at 573 Highland Rd. E., Macedonia, Ohio 44056.

8.      Upon information and belief, Hybrid Fleet, Inc. is a domestic corporation with its principal place of business located at 573 Highland Rd. E., Macedonia, Ohio 44056.

According to the Ohio Secretary of State's website, it can be served through is registered agent, Matthew Pickett, at the address for its principal place of business.

9.      Upon information and belief, Waymaker Logistics Inc. is a domestic corporation with its principal place of business located at 573 Highland Rd. E., Macedonia, Ohio 44056. According to the Ohio Secretary of State's website, it can be served through is registered agent, Joani Hedderick at the address for its principal place of business.

10.     Upon information and belief, Matthew Pickett is the principal owner of Greylock Logistics, Inc., Hybrid Fleet Inc., and Waymaker Logistics, Inc., and oversees the day-to-day operations of the businesses. At all times material hereto, Defendant Matthew Pickett regularly exercised the authority to: (a) hire and fire employees of Greylock Logistics, Inc., Hybrid Fleet Inc., and Waymaker Logistics, Inc.; (b) determine the work schedules for the employees of Greylock Logistics, Inc., Hybrid Fleet Inc., and Waymaker Logistics, Inc.,; and (c) control the finances and operations of Greylock Logistics, Inc., Hybrid Fleet Inc., and Waymaker Logistics, Inc.

11.     Defendants are a single employer/integrated enterprise and/or joint employers and/or agents.

12.     Plaintiff Sandra Prochaska is an individual residing in Litchfield, Ohio.

13.     Plaintiff was jointly employed by Defendants from April 9, 2017, through January 3, 2025.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

15.     Venue is proper in the Northern District of Ohio because a substantial portion of

the events forming the basis of this suit occurred in this District.  In particular, Defendants' own and operate the businesses located at 573 E. Highland Rd. Suite 2, Macedonia, Ohio 44056.

## COVERAGE

16.    At all material times during the last two years, Defendants were an "enterprise" covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

17.    At all material times during the last three years, Defendants were an "employer" as defined by 29 U.S.C. § 203(d).

18.    At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19.    At all material times during the last two years, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

      a.    Engaged in commerce; or

      b.    Engaged in the production of goods for commerce; or

      c.    Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

20.    Defendants have a common pay policy and/or pay practice which fails to pay certain non-exempt employees for all hours worked in a workweek, and at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

21.    Plaintiff was hired as a driver.

22.    Defendants initially paid Plaintiff $25.00 per hour.

23.     Plaintiff's job duties included loading trucks and delivering packages.

24.     She also trained new hires as needed.

25.     Plaintiff was a nonexempt employee and therefore eligible for overtime.

26.     Plaintiff worked Monday through Friday and Sundays from approximately 8:30 a.m. until the packages were delivered, which often required Plaintiff to work ten-hour shifts.

27.     In September 2024, Defendants informed Plaintiff her hourly rate would change to a daily rate of $200 per day.

28.     Defendants also changed those employees similarly-situated to Plaintiff to day rates.

29.     Defendants told Plaintiff and those similarly situated that they were required to complete all work for each workday, even if it took them longer than eight hours to complete.

30.     Defendants knew or should have known, based on prior experience, that Plaintiff's work, and those similarly situated to her, would take longer than eight hours to complete.

31.     Indeed, in one or more workweeks while she was employed by Defendants, Plaintiff worked longer than eight hours for each workday she performed work for Defendants.

32.     As a result, Plaintiff and those similarly situated to her worked in excess of forty (40) hours in one or more workweeks as part of their regular job duties.

33.     Despite Plaintiff and those similarly situated to her working more than forty (40) hours per week, Defendants failed to pay them overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

34.     Upon information and belief, Defendants had/have a company-wide policy of failing to pay certain non-exempt employees proper overtime compensation for all of their regular and overtime hours worked.

35.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly-situated to her.

36.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

37.     Defendants have acted willfully in failing to pay Plaintiff, and those similarly situated to her, in accordance with the law.

38.     On January 1, 2025, Plaintiff complained to Defendants about their unlawful pay policies, including Defendants' failure to pay her and other employees for all hours worked, for overtime pay, and for unlawful deductions from their paychecks.

39.     On January 3, 2025, Plaintiff was terminated for "cost efficient reasons" and was told they could no longer afford to keep her on their payroll.

### COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated hourly employees of the opt-in collective. The FLSA collective consists of the following:

> **All past and current nonexempt employees of Defendants who worked in Ohio and were not paid time and a half for all hours worked over forty in a workweek ("Collective Members").**

At present, the relevant period includes the three-year period prior to the filing of the Collective Action Complaint and extends forward to the present.  The collective defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

6

41.     Plaintiff and the Collective Members performed the same or similar job duties as one another in that they performed various production duties performed in Defendant's production facility.

42.     Plaintiffs and the Collective Members were all hired by Defendant to perform hourly work in Defendant's production facility.

43.     Defendant was an "employer" of the Collective Members under the FLSA.

44.     Plaintiff and those similarly situated to him were "employees" of Defendants as defined by the FLSA.

45.     Plaintiff and the Collective Members were all paid a day rate in exchange for the work performed.

46.     Plaintiff and the Collective Members worked similar hours.

47.     Defendants failed to pay Plaintiff and the Collective Members proper overtime for all hours worked over forty in a workweek.

48.     Plaintiff and the Collective Members were subjected to the same pay provisions, inasmuch as they were not compensated at a rate of time and a half their regular rates for all hours worked over forty in one or more workweeks.

49.     Defendants' failure to compensate Plaintiff and the Collective Members for overtime, as required by the FLSA, results from a policy or practice, and is applicable to all putative Collective Members herein.

50.     These policies or practices were applicable to Plaintiff and the Collective Members.

51.    Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of wages to Plaintiff applies to all Collective Members.

52.    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and the Collective Members all hours worked, and overtime wages owed.

53.    Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

54.    Defendants did not have any good faith basis for their failure to pay Plaintiff and the Collective Members for all hours worked.

55.    Defendants has acted willfully in failing to pay Plaintiff and the Collective Members in accordance with the law.

## COUNT I - UNPAID OVERTIME COMPENSATION

56.    Plaintiff reincorporates and readopts all allegations contained within the foregoing Paragraphs.

57.    Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

58.    During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

59.    As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff

8

has suffered damages, plus incurring reasonable attorneys' fees and costs.

## COUNT II – RETALIATION

60.    Plaintiff reincorporates and readopts all allegations contained within the foregoing Paragraphs.

61.    Plaintiff engaged in protected conduct under the FLSA by complaining about and opposing Defendants' unlawful pay practices to Defendants.

62.    Defendants knew or should have known that Plaintiff engaged in conduct protected by the FLSA.

63.    As a result of Plaintiff's participation in protected activity, Defendants took adverse employment actions against her, including but not limited to terminating employment.

64.    Defendants' actions constitute unlawful retaliation under the FLSA.

65.    As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including loss of pay and benefits, attorneys' fees, and costs.

66.    Defendants' conduct violates the FLSA.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully demands judgment against Defendants as follows:

(a)    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

(b)    Unpaid overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq*., and the supporting United States Department of Labor regulations;

(c)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(d)     An injunction requiring Defendant to pay all statutory required wages pursuant to the FLSA;

(e)     Pre- and post-judgment interest;

(f)     Attorneys' fees and costs of this action;

(g)     A reasonable incentive award for the lead Plaintiff to compensate her for the time she spent attempting to recover wages for Collective Members and for the risks he took in doing so; and

(h)     Such other relief as this Court shall deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 12, 2025                          *s/J. Corey Asay*
                                             J. Corey Asay
                                             HKM EMPLOYMENT ATTORNEYS LLP
                                             312 Walnut Street, Suite 1600
                                             Cincinnati, Ohio 45202
                                             T: (513) 318-4496
                                             F: (513) 318-4496
                                             E: casay@hkm.com

                                             *Counsel for Plaintiff*